## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SELECTIVE WAY INSURANCE CO.,

                Plaintiff

    v.

SERVPRO OF KING OF PRUSSIA and
MARY PRIETZ,

                Defendants

CIVIL ACTION

No. 99-956

## OPINION

June 5, 2006

Selective Way Insurance Company ("Selective") brought a diversity action against Mary Prietz and ServPro of King of Prussia ("ServPro") seeking a declaratory judgment of non-coverage on an insurance policy. Prietz and ServPro counterclaimed and won a jury verdict in the sum of $281,071. Today this court determines the interest and costs to be added to the jury's verdict.

## I. Interest

The parties dispute two matters regarding the calculation of the final, molded judgment. First, Prietz and ServPro maintain that the determination of pre-judgment interest should employ a compounded method of calculation, while Selective asserts that the calculation should reflect a simple interest method. Second, the parties disagree as to

the propriety of awarding pre-judgment interest for a period during which the case was stayed.

Pennsylvania case law makes clear that only a simple interest calculation at the statutory legal rate is appropriate where one party proves that the other "breached a promise to pay 'a definite sum of money,' or render a performance the value of which is ascertainable with exactitude." *Peterson v. Crown Financial Corp.*, 661 F.2d 287, 293 (3d Cir. 1981). However, in cases of restitution or to prevent unjust enrichment, compound interest may be awarded. *See id.* at 297 ("[A]ny claim based upon unjust enrichment or restitution, rather than upon compensation or damages, not only permits pre-judgment interest, but also permits an award of compound interest.").

The question is simply how the award in this case should be characterized. Prietz and ServPro argue, in effect, that Selective was unjustly enriched when the company denied them coverage, and that an award of compound interest is therefore merited. Selective maintains that the instant case is a matter of contract law, and therefore only simple interest is appropriate.

No claim or separate cause of action for unjust enrichment or restitution was presented to the jury in this case; the jury was charged with calculating the appropriate compensatory damages, if any. Accordingly, pre-judgment interest will be calculated as simple interest at the statutory legal rate of six percent. *See* 41 Penn. Stat. Ann. § 202.

In addition, interest will be calculated for the period from August 14, 1998 (the date of the loss at issue in this case) through today, June 5, 2006 (the date of entry of the

final judgment in this case). This includes the period from December 3, 1999 to September 18, 2001 when this matter was stayed on Prietz's motion.

An award of pre-judgment interest is intended to provide appropriate compensation to a prevailing party who has lacked access to his or her funds. *See, e.g.*, *JMB Realty Corp. v. Allright Corp.*, 34 Phila. Co. Rptr. 229, 253-56 (Pa. Com. Pl. 1997); *John Hancock Healthplan of Penn., Inc. v. Lexington Ins. Co.*, 1991 WL 63854 (E.D. Pa. Apr. 17, 1991). Where a prevailing party is clearly to blame for a delay in litigation, the district court may refuse to award the prevailing party pre-judgment interest for the period of delay. *Cf. Penneys v. Pennsylvania R.R. Co.*, 183 A.2d 544, 546-47 (Pa. 1962).

Selective argues that it should not be required to pay pre-judgment interest for a period during which the case was stayed upon Prietz's motion. The purpose of the stay was to protect Prietz's Fifth Amendment right against self-incrimination during the pendency of a criminal investigation pertaining to the fire loss at issue in this case. In light of this, the fact that Prietz requested the stay does not signal that she controlled the course of the litigation and sought to produce an unreasonable delay. Rather, the request for a stay appears to have been a reasonable result of the course of parallel civil and criminal proceedings. *Cf. SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980) (discussing various rationales for staying a civil matter while a related criminal proceeding is pending); *cf. also Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980) (discussing factors used by a court to determine whether a stay is appropriate). Therefore, this court concludes that the period

of the stay should not be excluded from the period for which pre-judgment interest is awarded.  *Cf. Westinghouse Elec. Corp. v. Board of Assessment Appeals of Delaware County*, 456 A.2d 694 (Pa. Cmwlth. 1983).

The period from August 14, 1998 through today, June 5, 2006, is 2853 days.   The jury's verdict of $281,071, combined with simple interest at the statutory rate of six percent, produces a final judgment of $412,889.45.  Post-judgment interest will also be awarded in the amount of $46.20 per day, reflecting the legal rate of six percent interest.

## II. Costs

By letter dated March 9, 2006, Prietz and ServPro submitted a bill of costs. Following objections expressed by Selective in a letter dated April 2, 2006, Prietz and ServPro offered a revised bill of costs, by letters dated April 5, 2006 and May 20, 2006. At this time, Prietz and ServPro seek to recover $16,200.51.

Selective contests several items—totaling $6153.40––contained in the revised bill of costs.  Specifically, Selective argues that the following charges are not recoverable: the fee of $1025 paid to Jon Pichelman, the videographer, for taping the depositions of three witnesses; the fee of $1000 paid to Reid, Jones, McRorie & Williams for the deposition of a witness, Walt Etheridge; and the fee of $4128.40 paid to Exhibit A, Inc. for its work facilitating the playback of taped depositions.

Federal Rule of Civil Procedure 54(d)(1) allows for a prevailing party to recover costs.  28 U.S.C. § 1920 lists items which may be taxed as costs.  This court has

substantial discretion with regard to taxing of costs.  *See, e.g.*, *Greene v. Fraternal Order of Police*, 183 F.R.D. 445, 448 (E.D. Pa. 1998) (noting that a district court has discretion not to tax costs listed in § 1920).  However, the Supreme Court has held that the list enumerated in § 1920 is exclusive.  *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 297 (1989) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)).  The categories of taxable costs listed in 28 U.S.C. § 1920 include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," "[f]ees for exemplification and copies of papers necessarily obtained for use in the case," and "[f]ees and disbursements for printing and witnesses."

For the reasons given in *Garonzik v. Whitman Diner*, 910 F. Supp. 167, 170-72 (D.N.J. 1995), this court concludes that the costs associated with preparing and playing video depositions at trial are recoverable under § 1920.  Thus, the fees paid to Pichelman and Exhibit A, Inc. will be taxed.

However, the $1000 fee paid to Reid, Jones, McRorie & Williams ("Reid, Jones") for the deposition of Etheridge, the general adjuster hired by Selective to handle the Prietz/ServPro claim, is not recoverable and will be excluded from the bill of costs.  According to Prietz, Reid, Jones insisted that this sizable fee be paid before allowing Prietz to secure a deposition from Etheridge.

28 U.S.C. § 1920(3)  provides that a federal court may tax witness fees as costs against the losing party, and 28 U.S.C. § 1821(b) states that a witness "shall be paid" a

fee of $40 per day for court attendance or when giving a deposition.[1]  Rule 54(d)(1)

provides in part: "Except when express provision therefore is made either in a statute of

the United States or in these rules, costs . . . shall be allowed as of course to the prevailing

party unless the court otherwise directs . . . ."

The Supreme Court has held that while Rule 54(d) and §1920(3) give the district

court discretion to award witness fees, § 1821 limits the amount that can be awarded.[2]

*See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987); *Henkel v.*

*Chicago, S.P.*, 284 U.S. 444, 447 (1931).  This court lacks discretion to award witness

fees that exceed the per diem rate set forth in § 1821.  *See, e.g.*, *In re Philadelphia Mortg.*

*Trust*, 930 F.2d 306 (3d Cir. 1991).  Accordingly, the $1000 fee paid for Etheridge's

deposition is not recoverable in full and will be excluded from the bill of costs.  Prietz

and ServPro are entitled to recover the statutory fee allowed by § 1821, i.e., $40 per day

of Etheridge's testimony.

In keeping with the requirements of § 1920 and § 1821, a witness cannot be

reimbursed for lost wages or lost business profits due to absence from work.  *See, e.g.*,

*Andresen v. Clear Ridge Aviation, Inc.*, 9 F.R.D. 50, 52 (D. Neb. 1949);  *Lawyer v. 84*

*Lumber Company and 84 Associates, Inc.*, 1998 WL 111703 (N.D. Ill. 1998); *Pan*

---

[1] Witnesses are paid the daily fee for travel time and are entitled to reimbursement for the cost of travel.  The statute also provides that witnesses shall be paid a subsistence allowance when an overnight stay is required.

[2] An exception is made for court-appointed experts; their compensation is not limited by § 1821. *See* 28 U.S.C. § 1920(6).

*American Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 35 (D. Puerto Rico 2000).  Therefore, the entry on the bill of costs for $150 paid to Eugene Butterfield for "wages" will also be excluded from the final calculation of taxable costs.

The final, approved sum of costs will reflect the following calculation: $15,050.51 plus the witness fee allowed by § 1821 for the deposition testimony of Etheridge.[3]

---

[3] $16,200.51-$1,150 +($40 *days of testimony by Etheridge)

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SELECTIVE WAY INSURANCE CO.,

          Plaintiff

   v.

SERVPRO OF KING OF PRUSSIA and
MARY PRIETZ,

          Defendants

CIVIL ACTION

No. 99-956

## ORDER

June 5, 2006

For the reasons stated in the foregoing memorandum, it is hereby ORDERED that:

(1) Judgment in the amount of $412,889.45 is entered against Selective Way Insurance Company in favor of Mary Prietz and ServPro of King of Prussia;

(2) Post-judgment interest in the amount of $46.20 is awarded in favor of Mary Prietz and ServPro King of Prussia for each day subsequent to the entry of judgment until the judgment is paid;

(3) Mary Prietz and ServPro King of Prussia are awarded costs to be calculated as follows: $15,050.51 plus the witness fee allowed by § 1821 (i.e., $40 per day) for the deposition testimony of Walt Etheridge.

FOR THE COURT:

/s/ Louis H. Pollak
Pollak, J.